1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


UNITED STATES OF AMERICA    )
                            )
                            )
    VS.                     )      1:20-CR-235  CMH
                            )
                            )      ALEXANDRIA, VIRGINIA
                            )      MARCH 19, 2021
                            )
SETH MICHAEL MYERS          )
_____)
```

---

**TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE**

---

**Proceedings reported by stenotype, transcript produced by Julie A. Goodwin.**

Julie A. Goodwin, CSR, RPR

## A P P E A R A N C E S

FOR THE PLAINTIFF:
    UNITED STATES ATTORNEY'S OFFICE
    By:  MS. CARINA CUELLAR
    MS. MONIKA L. MOORE
    Assistant U.S. Attorneys
    2100 Jamieson Avenue
    Alexandria, Virginia  22314
    703.299.3700
    carina.cuellar@usdoj.gov
    monika.moore@usdoj.gov

FOR THE DEFENDANT:
    FOX ROTHSCHILD LLP - DC
    By:  MR. BRIAN W. STOLARZ
    1030 Fifteenth Street NW
    Suite 380 East
    Washington, DC  20005
    202.794.1224
    bstolarz@foxrothschild.com

    MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
    By:  MR. ROBERT M. RADICK
    565 Fifth Avenue
    New York, New York  10017
    212.856.9600
    rradick@maglaw.com

OFFICIAL U.S. COURT REPORTER:
    MS. JULIE A. GOODWIN, CSR, RPR
    United States District Court
    401 Courthouse Square
    Eighth Floor
    Alexandria, Virginia  22314
    512.689.7587

1  (MARCH 19, 2021, 9:06 A.M., OPEN COURT.)
2          THE COURTROOM DEPUTY:  Okay.  Criminal Action
3  2020-CR-235, *United States of America versus Seth Myers*.
4          MS. CUELLAR:  Good morning, Your Honor.  Carina
5  Cuellar and Monika Moore on behalf of the United States.
6          THE COURT:  Good morning.
7          MR. STOLARZ:  Good morning, Your Honor.  Brian Stolarz
8  on behalf of the defendant, who is present.  I have with me
9  Robert Radick, who has been admitted *pro hac vice* for this
10 matter and will be doing the arguments in this matter.
11         Good morning.
12         THE COURT:  Very well.  Good morning.
13         MR. RADICK:  Good morning, Your Honor.
14         THE COURT:  All right.  Counsel, have you and your
15 client had an opportunity to review this presentence report?
16         MR. RADICK:  Yes, Your Honor, we have.
17         THE COURT:  Any corrections you wish to make to it?
18         MR. RADICK:  Your Honor, the only correction objection
19 we continue to have is as to the -- the three-level role
20 enhancement that the probation department has included to which
21 we raise an objection.  We detailed at length in our submission
22 to the Court why that --
23         COURT SECURITY OFFICER:  Counsel, can you just go to
24 the lectern.
25         MR. RADICK:  Yes, I'm sorry.

THE COURT: As I've said before, if you want to take off your mask, you --

MR. RADICK: Thank you, Your Honor. Appreciate that.

THE COURT: Well, you and the government are in agreement on that, are you not?

MR. RADICK: That is correct, Your Honor, at least to the extent that the government is not seeking it. It was not part of our plea negotiations. It's not part of our plea agreement.

THE COURT: Well, I believe you and the government are in agreement on the guideline calculations, and I am prepared to accept that.

MR. RADICK: Very well.

THE COURT: Anything else you want to tell me? Why, you go ahead.

MR. RADICK: As to the -- as to the PSR, no, Your Honor, but as to the sentencing, yes.

THE COURT: Right. You can tell me what you want to tell me.

MR. RADICK: Thank you. Thank you, Your Honor.

So I'm sure the Court has very, very carefully and thoughtfully reviewed the materials that we submitted on behalf of Mr. Myers, including his detailed letter of remorse that was Exhibit A to our submission. And on behalf of Mr. Myers' family members, I want to thank you for your attention to those

1  materials and your consideration of all of the relevant
2  sentencing factors in this case.
3          I'll just note that his family members are not in
4  the courtroom today.  Mr. Myers lives in Illinois and so he
5  came by himself today, but he certainly has the support and
6  concern of his family.
7          I also know that Mr. Myers intends to address the
8  Court directly and express his own sense of remorse and regret
9  which is already, as I mentioned, in the letter to Your Honor,
10 so I don't want to take up undue time raising points that we've
11 already raised.  I just want to be brief and touch on some of
12 the main themes that I think are important for sentencing.
13         The first is that Mr. Myers has fully and
14 immediately accepted responsibility and acknowledged what he
15 did.  When he first reached out to me in May of 2019, it was
16 just after agents had approached him, nearly two years ago, and
17 he did not need any convincing, Your Honor, to do the right
18 thing.  He knew what he did.  He forthrightly admitted it.  He
19 knew that he needed to be in to make amends, and he did exactly
20 what one would hope someone would do under those circumstances.
21 Excuse me.
22         We scheduled a meeting with the prosecutors as
23 quickly as possible, and we were here meeting with Ms. Moore
24 and Mr. Asonye soon thereafter to do whatever was possible to
25 assist.  So he accepted responsibility.  He entered his plea.

He did not in any way delay or minimize what he did. And I believe that is all to his substantial credit and warrants leniency.

The second point I want to make is as to his remorse and the impact on his family of this case. I know from the last two years that not a single day has gone by without Mr. Myers feeling very intense, painful regret for what he has done. He knows that despite the relationship that he had with the physician who's at the center of the case that is not an excuse.

He did not have to go along with what the physician wanted. He did not have to go along with the scheme to obtain kickbacks. But out of a misplaced sense of loyalty and for the other reasons that we identified in our papers he did.

That's his failing. He knows it. He regrets it. And what fuels his regret, especially now among various things that fuel his regret, is the tremendous harm he has caused in particular to his family. That includes his wife, but even more distressing his two 19-year-old twin sons, who we pointed out in our papers are very vulnerable young men. They have issues of their own.

He loves them very much. He regrets the stress and difficulty he has caused them, and he will always regret that. He knows how badly he let them down, and that will be part of him forever.

1            He also, as we pointed out in our papers, has made
2   substantial efforts to become a better person.  He's analyzed
3   his conduct.  He's identified the root causes of it and his own
4   failings.  He's, as I mentioned at the outset, tried to make
5   amends, and he's given back substantially to his community by
6   volunteering.  He's even now working in the cheese department
7   of a grocery store trying to preserve his family's financial
8   footing in these difficult times and in light of this case and
9   the fact that he may have to serve time.  In this case, he's
10  doing what he can to prepare his family for that.
11           He's fallen very far in life, Your Honor, but he's
12  putting himself back together.  And whatever leniency you can
13  afford, he will not let the Court down.  He will not let his
14  family or his community down again.
15           I also just want to conclude by noting that the
16  sentence Your Honor imposed on Mr. Beatty, which was a sentence
17  of a year and a day from guidelines that were 30 months, Mr.
18  Myers' guidelines, as we've talked about and established, are
19  37 months, and his circumstances are comparable to
20  Mr. Beatty's.  In fact, with the situation involving Mr. Myers'
21  sons, incarceration for Mr. Myers would likely have even more
22  profound, unintended consequences on innocent family members,
23  his two boys, than was the case for Mr. Beatty.  So I therefore
24  urge the Court to show similar or even greater leniency to
25  Mr. Myers, and to afford him a comparable or even greater

reduction than that which was afforded to Mr. Beatty.

With that, Your Honor, I will thank the Court for its attention and consideration. I will have a request for a specific recommendation to the Bureau of Prisons. If necessary, I can save that until the very end or I can indicate it now, whatever the Court's preferences.

THE COURT: It's up to you.

MR. RADICK: If there is a sentence of incarceration, we would ask for a recommendation to the satellite camp at FCI Oxford in Wisconsin.

Thank you, Your Honor.

THE COURT: Okay. Does the government have anything they want to add?

MS. MOORE: Just very briefly, Your Honor.

We know you're very familiar with the facts of this case at this point, and the government stands by its papers in terms of its recommendation of a sentence of 36 months.

We believe the facts of this case show that while Mr. Myers did not necessarily bring any special skills to this conspiracy, and he benefitted from a salary that he made, he did not get a significant amount of the profits of the conspiracy. He was a very active participant in it in terms of the work that he did with the pharmacies, in terms of monitoring the prescriptions that were flowing through the pharmacies, and in terms of making sure that the conspirators

1  were able to bill for the most high-cost prescriptions, and so
2  we believe that that sentence is warranted in this case.
3          THE COURT:  All right.  Mr. Myers, would you come to
4  the podium.
5      (DEFENDANT COMPLIES.)
6          THE COURT:  Is there anything you would like to say at
7  this time?
8          THE DEFENDANT:  Yes, Your Honor.
9              I'll just keep it brief.  I just would like to take
10 this opportunity to apologize to the Court, to the government,
11 my friends, my family for my actions I've led to today.  As I
12 had mentioned in my letter, which I think says it all, I am
13 deeply, deeply ashamed of my behavior; truly remorseful to
14 everyone who's harmed by what I did, which is the government
15 and my family.  Everybody deserved much, much better than I
16 gave them, and I will have to live with these actions forever.
17             I've used this as an opportunity to become a better
18 person.  I have worked really hard to understand why I did what
19 I did so I can do better.  I've started to contribute to my
20 community rather than taking from it the way I had in the past.
21             And I just thank Your Honor for whatever
22 consideration you can show today.  Again, I'm just -- I'm sorry
23 and I'm really disgusted by my conduct.  And I apologize to
24 everyone.
25         THE COURT:  All right.

1            Well, Mr. Myers, I find the guideline factors in
2   this case to be properly assessed at a range of 37 to 46 months
3   based on the stipulated facts in your plea agreement and the
4   agreement of the parties here.
5            I also find that because of your financial
6   condition and the restitution involved, the imposition of any
7   fine or cost is not warranted.
8            Considering the factors, which I must under Section
9   3553, considering the nature of this offense, your role in the
10  offense, your background and family situation, I find that a
11  sentence somewhat below the guideline range would be
12  appropriate.
13           It will be the sentence of the Court to be
14  committed to the custody of the Attorney General to serve a
15  term of 24 months, a three-year period of supervised release,
16  pay a special assessment fine of $100.
17           The conditions of your supervised release will be
18  first to abide by all of the standard conditions of probation;
19  and secondly, to pay the sum of at least $200 per month
20  commencing in 60 days of your release toward restitution in
21  this matter.
22           I say, is there a restitution order that's going to
23  be given?
24           MS. MOORE:  Yes, Your Honor.  We have consent orders
25  for forfeiture and a restitution order to pass up to the Court.

1      THE COURT:  All right.
2          And I will recommend that to any time you have to
3  serve will be at the federal institution in Oxford, Wisconsin,
4  and I will allow you to voluntarily surrender yourself when
5  space is available.
6      THE DEFENDANT:  Thank you.
7      THE COURT:  And I'll go ahead and enter this order of
8  restitution and forfeiture at this time.
9    (BRIEF PAUSE.)
10     THE COURT:  All right.  This order has been entered.
11     MR. RADICK:  Thank you, Your Honor.
12     THE DEFENDANT:  Thank you.
13     THE COURT:  Thank you.
14        (PROCEEDINGS CONCLUDED AT 9:19 A.M.)
15                      -oOo-
16
17
18
19
20
21
22
23
24
25

1 UNITED STATES DISTRICT COURT )
2 EASTERN DISTRICT OF VIRGINIA )
3
4            I, JULIE A. GOODWIN, Official Court Reporter for
5 the United States District Court, Eastern District of Virginia,
6 do hereby certify that the foregoing is a correct transcript
7 from the record of proceedings in the above matter, to the best
8 of my ability.
9            I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action in
11 which this proceeding was taken, and further that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14            Certified to by me this 31ST day of MARCH, 2021.

                              __/s/_____
                              JULIE A. GOODWIN, RPR
                              Official U.S. Court Reporter
                              401 Courthouse Square
                              Eighth Floor
                              Alexandria, Virginia  22314

**INDEX**

**MARCH 19, 2021**

**PAGE**

Argument by Mr. Radick.................................. 3

Argument by Ms. Moore................................... 8

The Court's Ruling...................................... 10

The Reporter's Certification............................ 12

-*-*-*-

Julie A. Goodwin, CSR, RPR

3/19/21